**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABA, Inc., et al | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:1:14-cv-00550-RMC |
| District of Columbia, | ) | |
| | ) | |
| *Defendant* | ) | |

**PLAINTIFFS' EMERGENCY MOTION FOR ORDER TO SHOW CAUSE WHY THE DISTRICT OF COLUMBIA SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER OF APRIL 9, 2014**

**COME NOW,** PLAINTIFFS, by and through undersigned counsel, and respectfully submit this Motion for an Order to show cause as to why the District of Columbia should not be held in contempt for its failure to comply with this Court's Order of April 9, 2014. The reasons for the motion are more fully set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

_________/s/_________

Reginald J. Richter, Esq.
1101 15th Street, NW
Suite 910
Washington, DC 20005
(202) 494-8566 (p)
(301) 560-5323 (f)
rrichter@rlgdc.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABA, Inc., et al | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:1:14-cv-00550-RMC |
| District of Columbia, | ) | |
| | ) | |
| Defendant | ) | |
| ______________________________ | ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING THE EMERGENCY MOTION FOR ORDER TO SHOW CAUSE WHY THE DISTRICT OF COLUMBIA SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER OF APRIL 9, 2014**

COME NOW, PLAINTIFFS, by and through undersigned counsel, and respectfully submit this Memorandum supporting their Emergency Motion for an Order to show cause as to why the District of Columbia should not be held in contempt for its failure to comply with this Court's Order of April 9, 2014.

**FACTUAL BACKGROUND**

On or about April 2, 2014 Plaintiffs filed a motion for declaratory and injunctive relief against Defendant by ordering a stay of the application and enforcement of certain provisions of the Patient Protection and Affordable Care Act (P.L. 111-148) ("ACA") specifically the suspension of payments as implemented pursuant to 42 CFR §455.23. Plaintiffs contended that continued enforcement, among other things violated the liberty and property rights protected by due provisions of the 5th

Amendment of the U.S. Constitution as applied to the District of Columbia; violated 42 U.S.C. § 1983; and deprived Plaintiffs' clients, third-party beneficiaries of the contract between Plaintiff and the District, of continued medical care to which they were entitled.

Oral arguments were held on April 9, 2014. Having heard the parties' arguments on this matter, the court found the District's actions indeed constituted an impermissible and permanent taking that could lead to no other end than the destruction of Plaintiffs' businesses. The court then granted Plaintiffs' motion for a temporary restraining order, enjoining the District from suspending payments and most importantly, ordering the District to compensate Plaintiffs for services rendered after March 7, 2014.

As summarized below and supported by the referenced Remittance Advice submitted as attachments for each Plaintiff and filed under seal, Defendant has not complied with the court's order. Defendant has repeatedly withheld funding through line items characterized as so-called "suspended" payments. Therefore, Plaintiffs ask this court to issue an order for Defendant to show cause why it should not be held in contempt.

| **Plaintiff** | **Date** | **Amount Suspended by Defendant** |
|---|---|---|
| Ex. A ABA | Mar 10, 2014 | $388,791.08 |
| | April 28, 2014 | $170,998.21 |
| Ex. B Premiere | Apr 21 2014 | $556,994.68 |
| | Apr 28, 2014 | $738,711.96[1] |

[1] The court should take note that the suspended amount increased after the TRO Order.

| **Plaintiff** | **Date** | **Amount Suspended by Defendant** |
|---|---|---|
| Ex. C NUS | Mar 10, 2014 | $ 92,980.80 |
| | Mar 17, 2014 | $ 85,979.66 |
| | Mar 24, 2014 | $ 87,950.34 |
| | Apr 1, 2014 | $ 4,102.08 |
| | Apr 7, 2014 | $ 80,009.26 |
| | Apr 14, 2014 | $287,295.96[2] |
| | Apr 21, 2014 | $186,960.14 |
| | Apr 28, 2014 | $ 27,839.85 |
| Ex. D Immaculate | Apr 28, 2014 | $527,119.40 |
| Ex. E T&N | Apr 14, 2014 | $362,070.10 |
| | Apr 14, 2014 | $ 59,788.54 (waiver) |
| | Apr 21, 2014 | $343,349.20[3] |
| | Apr 28, 2014 | $ 86,345.35 (waiver) |
| | Apr 28, 2014 | $342,173.40 |

## LEGAL STANDARD

a. <u>The Court has Authority to find the District in Contempt</u>

The Court has both an inherent and a statutory power to enforce compliance with its orders. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); 18 U.S.C.A. § 401. The Court may exercise that authority through a civil contempt proceeding, which generally involves three stages. Such proceedings involve (1) issuance of an order; (2) following disobedience of that order, issuance of a conditional order finding the recalcitrant party in contempt and threatening to impose a specified

---

[2] Plaintiff NUS indicates amounts are larger because the District processed claims twice.

[3] This number is approximated due to small font on original

penalty unless the recalcitrant party purges itself of contempt by complying with prescribed purgation conditions; and (3) exaction of the threatened penalty if the purgation conditions are not fulfilled. *NLRB v. Blevins Popcorn Co*., 659 F.2d 1173 (D.C.Cir.1981). This matter is in the second stage, and Plaintiffs seek an order finding the Defendant in civil contempt and providing them an opportunity to purge the contempt.

To find the District in civil contempt, the Court must find by clear and convincing evidence that the District violated the April 9, 2014 order (as amended). *NOW v. Operation Rescue*, 747 F.Supp. 772, 774 (D.D.C.1990). Specifically, the court may consider only the District's actions after the entry of the TRO; conduct prior to the Court's Orders could not have violated them and therefore could not constitute contempt. The Court must determine whether the District had notice of the terms of the Orders to reach a finding of contempt. *Douglass v. First Nat'l Realty Corp*., 543 F.2d 894, 897 (D.C.Cir.1976); *NOW*, 747 F.Supp. at 775. However, the Court need not find that the violations were willful or intentional. *McComb v. Jacksonville Paper Co*., 336 U.S. 187, 191 (1949); *Blevins Popcorn*, 659 F.2d at 1183.

b. <u>The District had Notice of the Orders and Terms</u>

In the case presently before the court, the District had notice of the order and its terms The original TRO was issued in court on April 9, 2014 when the terms were articulated in the presence of the parties. Defendant subsequently moved the court to revise the term of when payment would be made when it sought to enlarge the due date for payment to April 17th from April 15. Defendant's motion specifically stated, "In order to avoid the possibility of contempt despite the District's diligence in attempting to

comply with the Order of the court, the District respectfully requests that the payment order be stayed until April 17, 2014." Defendant's Motion to Stay Temporary Restraining Order at 4. ("Motion to Stay").

On April 17, 2014 during the course of the hearing on the preliminary injunction, the court addressed the matter of non-payment and compliance with the District's counsel twice (once in the morning and again in the afternoon). That the District had notice of the terms of the orders cannot be controverted. That the District failed to comply is equally without question.

c. The District's Failure to Comply Occurred after Issuance of the TRO

The District's action unequivocally occurred after the court's order. This court issued the temporary restraining order on April 9, 2014 which specifically ordered Defendant District of Columbia, in relevant part, to "pay Plaintiffs, no later than April 15, 2014, at 5:00 p.m., for Medicaid services rendered on and after March 7, 2014."

On the morning of April 17, 2014, the District still had not complied with the court's April 9, 2014 order issued more than a week earlier and later enlarged. When asked about the status of Plaintiffs' payments, the District's counsel represented it would certainly occur by the afternoon of April 17th. However, in fact, payment was not made.

On Friday, April 18, 2014, the District issued partial payments to Plaintiffs but did not comply with the court's order as certain payments were inexplicably withheld through the artifice of suspended payments as evidenced by the remittances submitted herewith. This despite the District's assurances that in order "to comply with the Court's

Order, the District can expedite this review[4] and approve the payment on Tuesday [April 9, 2014]." Motion to Stay at 5. Further the District, unjustly and without reason, continues to withhold payments due Plaintiffs for skilled nursing services and case management. As of this writing, Thursday, May 1, 2014, the District still has not fully complied with the court's order of April 9, 2014.

**As a direct and proximate result of the District's contemptuous acts, Plaintiff Premiere Health cannot meet its payroll obligations for Friday, May 9, 2014 and will be forced to cease operations. This is precisely the result this court's order was designed to prevent: the destruction of Plaintiff's business.**

## CONCLUSION

Therefore, based on the reasons raised herein, Plaintiffs respectfully ask this Court to issue an order for Defendant to show cause why it should not be held in contempt of this court's order of April 9, 2014 as amended, and for other relief, *inter alia* fines, damages, sanctions and legal fees, as appropriate.

Respectfully submitted,

___________/s/__________

Reginald J. Richter, Esq.
1101 15th Street, NW
Suite 910
Washington, DC 20005
(202) 494-8566 (p)
(301) 560-5323 (f)

[4] Defendant represented that the adjudication and out-processing of claims included automated verifications to eliminate duplicate claims, a function programmed to run o weekends so as ot to interfere with other DHCF computer functions. Output would be upload to SOAR Monday for review by the Agency Fiscal Officer who "normally does not approve payments until Wednesday". Motion to Stay at 5.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ABA, Inc., and** | ) | |
| | ) | |
| **PREMIER HEALTH SERVICES, Inc.** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | Case No.:1:14-cv-00550 |
| | ) | RMC |
| **v.** | ) | |
| **District of Columbia,** | ) | |
| | ) | |
| **Defendant** | ) | |

**[PROPOSED] ORDER**

This matter having come before the court on the basis of Plaintiffs' Emergency Motion for an Order to Show Cause as to Why the District should not be held in contempt for Failure to Comply with the Court's Order of April 9, 2014, Defendant's Opposition thereto and the matter having been fully briefed by all Parties, it is Ordered that Plaintiffs' Motion is hereby

**GRANTED and further, a show cause order shall issue to which Defendant shall respond within seventy-two (72) hours.**

______________________________
**Rosemary Collyer**
**US District Court Judge**

______________________________
**Date**

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2014, a copy of the foregoing Plaintiffs' Emergency Motion for an Order to Show Cause as to Why the District should not be held in contempt for Failure to Comply with the Court's Order of April 9, memorandum, and proposed order was sent by the Court's Electronic Case Filing system to:

Keith D. Parsons
Assistant Attorney General
441 Fourth Street NW
Sixth Floor South
Washington DC 20001
Counsel for Defendant

Referenced exhibits contain sensitive proprietary and financial information and therefore shall be filed under seal.

/s/
Reginald Richter
*Counsel for Plaintiffs*